ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| FREDDIE IRVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 604-095 |
| | ) | |
| GERALD CASTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Defendants' motions to dismiss this case for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to prosecute under Fed. R. Civ. P. 41(b) and Loc. R. 41.1(b). (See doc. nos. 20, 23, 24, and 28, respectively). Plaintiff has filed responses. (Doc. nos. 26, 30). Upon consideration, the Court determines that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motions to dismiss for failure to state a claim (doc. nos. 20, 23, and 24) be **GRANTED**, that Defendants' motion to dismiss for failure to prosecute (doc. no. 28) be **DENIED** as **MOOT**, and that this case be **DISMISSED**.

I. **BACKGROUND**

Plaintiff signed and dated his complaint on August 6, 2004; the complaint was filed

August 16, 2004.¹ (See doc. no. 1, pp. 35, 39, 40). Plaintiff alleges that he was denied food by Defendants on fifteen (15) occasions as punishment for his refusal to turn on his cell light and stand at attention on command. (Id. at 12, 21, 31). All of these occasions occurred in March, April, June, and July of 2002, with the most recent incident of denial of food allegedly occurring on July 23, 2002. (Id. at 23-24). Plaintiff avers the requirement to turn on his cell light and stand at attention before receiving his meals is not an ordinary incident of prison life, but was part of his involuntary participation in a behavior management program for problem inmates, which Plaintiff refers to as the "Dvoskin Program." (Id. at 12, 23, 24).

According to Plaintiff, this denial of food caused him to become sick and to lose weight, and thus violated his Eighth Amendment right to be free from cruel and unusual punishment. (Id. at 24-25). Although Plaintiff does make vague mention of a "continual" deprivation, he also states that the "Dvoskin Program" has been dissolved. (Id. at 12, 23, 24). At any rate, Plaintiff's vague statement regarding a "continual" deprivation is belied by the fact that he names precise dates upon which he was denied meals, none of which occurred less than two (2) years ago. In sum, Plaintiff makes no mention of any more recent deprivations, and provides little reason to suppose that any deprivation of food occurred after July 23, 2002. Thus, any claim alleged in the complaint accrued no later than July 23, 2002. See discussion *infra*.

---

¹Plaintiff indicated a desire to amend his complaint; the Court accordingly gave him fifteen (15) days in which to do so. (Doc. no. 27). The Court also informed Plaintiff that if he did not timely file a properly amended complaint, the case would proceed based upon his original complaint. (Id. at 4). Plaintiff has filed no amended pleading. Accordingly, the Court will evaluate the instant motions with regard to the original complaint filed in this case.

2

Defendants agree that Plaintiff was denied food on numerous occasions for refusing to turn on his cell light and to move to the back of his cell. (Doc. no. 21, pp. 7-15; doc. no. 25, pp. 7-15). According to Defendants, all inmates in administrative segregation at GSP, including Plaintiff, receive their meals in their cells--unlike the general prison population, which eats in the dining hall. (Doc. no. 21, pp. 14-15; doc. no. 25, pp. 14-15). For security reasons, inmates in administrative segregation are required to turn on their cell lights and move to the back of their cells before being given their food trays. Defendants maintain that on each occasion when Plaintiff was denied food, it was because he refused to comply with these security requirements. (Doc. no. 21, pp. 7-15; doc. no. 25, pp. 7-15).

Defendants have lately moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6), noting that none of the events giving rise to Plaintiff's complaint occurred within two (2) years of the filing of the complaint on August 16, 2004. (See doc. nos. 20, 23, 24). As a result, Defendants contend that Plaintiff's complaint is barred by the applicable statute of limitations. (Doc. no. 20, p. 3). Defendants also maintain that this action should be dismissed under Loc. R. 41.1.(b) and Fed. R. Civ. P. 41(b) as a sanction for Plaintiff's failure to prosecute this case. (See doc. no. 28). In support of this contention, Defendants cite Plaintiff's deliberate failure to attend his deposition in contravention of this Court's December 28, 2004 Order. (Doc. no. 28, p. 4 (quoting doc. no. 9, p. 6)).

In response to Defendants' motions, Plaintiff contends: 1) the statutory period should be tolled because Plaintiff has filed previous complaints regarding the facts of this case in federal court; and 2) Plaintiff's refusal to attend his deposition was "payback" for Defendants' alleged refusal to cooperate with his discovery efforts in previous cases. (Doc. no. 26, pp. 2-4; doc. no. 30, pp. 2-3). The Court dispenses with the matter as follows.

3

## II. DISCUSSION

### A. Applicable Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt from the face of the complaint that the plaintiff can prove no set of facts consistent with the allegation that would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

If, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present material made pertinent to such a motion by Rule 56. See Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990). However, as the parties have not presented any matters outside the pleadings in this case, this motion need not be converted into a motion for summary judgment. Having clarified the procedural posture of

4

the case, the Court now turns its attention to the merits of Defendants' motions.

**B.      Plaintiff's Complaint is Time-Barred.**

Defendants contend chiefly that the instant complaint is time-barred because Plaintiff filed his complaint on August 16, 2004, more than two (2) years after the last date upon which his constitutional rights were allegedly violated, July 23, 2002. (Doc. no. 20, p. 4). Defendants correctly note that claims brought pursuant to 42 U.S.C. § 1983, like those raised by Plaintiff, are subject to the applicable State statute of limitations--in Georgia, a two-year period of limitations applies. (Id. (citing O.C.G.A. § 9-3-33 & Williams v. City of Altanta, 794 F.2d 624, 626 (11th Cir. 1986)). That having been said, Defendants incorrectly assert that Plaintiff's complaint should be deemed filed on August 16, 2004 for purposes of the statute of limitations. (Doc. no. 20, p. 4). In the Eleventh Circuit, a *pro se* prisoner's § 1983 complaint is deemed filed on the date it is delivered to prison authorities for mailing, rather the date upon which the complaint is filed with the clerk of the district court. See Garvey v. Vaughn, 993 F.2d 776, 780-82 (11th Cir. 1993). As a general rule, the date upon which a prisoner's complaint is signed or executed constitutes "the earliest date on which [the complaint] could be considered filed." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Nevertheless, even using the date upon which Plaintiff signed his complaint (August 6, 2004) as the operative filing date, the instant case is still time-barred. The last alleged incident of denial of food occurred on July 23, 2002. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff

knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. Thus, all of Plaintiff's claims had accrued by July 23, 2002, the last date upon which he alleges he was denied food. Here, Plaintiff clearly waited several days after the expiration of the statutory period to file his complaint. As a result, absent some basis to toll the statutory period, his complaint is time-barred and thus fails to state a claim upon which relief may be granted.

C.     **Plaintiff Outlines No Reason to Excuse His Untimeliness.**

In response to Defendants' contention that his claims are time-barred, Plaintiff contends first that the statutory period should be tolled because he previously filed a complaint regarding the same facts in the Northern District of Georgia which was dismissed without prejudice. (Doc. no. 26, pp. 2-3). However, that case was dismissed because Plaintiff failed to properly amend a shotgun pleading in contravention of a court order. See Irvin v. Wetherington, CV 102-0872-RWS, doc. no. 22 (N.D. Ga. Oct. 10, 2002), *appeal dismissed as frivolous by* Irvin v. Wetherington, No. 02-16035-D (11th Cir. Feb. 4, 2003). The Court is not persuaded that the statutory period should be tolled merely because Plaintiff has filed a separate case regarding the same facts in the past--much less one which was dismissed for abuse of the judicial process.

Plaintiff also argues that he should be excused from compliance with the statutory period because he was too busy litigating other cases in this District "to immediately file a new complaint" after his Northern District case was dismissed. (Doc. no. 26. p. 2). The Court finds this argument too frivolous to merit discussion. Of slightly more interest, Plaintiff also contends that his claims are not barred because he timely brought them in another case in this District which is still pending. (Id. at 3-4).

6

Though Plaintiff does not provide the case number for this case, it appears he is referring to Irvin v. Wetherington, CV 604-024 (S.D. Ga. March 18, 2004)(hereinafter "CV 604-024"). It is true that Plaintiff raised claims regarding the denial of food in his initial complaint in that case. See CV 604-024, doc. no. 1. Finding Plaintiff's original complaint in CV 604-024 to be a shotgun pleading, this Court ordered Plaintiff to file an amended pleading in CV 604-024 as follows:

> Plaintiff is an inmate at Georgia State Prison ("GSP") in Reidsville, Georgia who alleges a host of problems with his everyday existence at GSP. He has named approximately sixty-seven (67) defendants and complains about a wide variety of events covering a two-year time span. His original complaint contains fifty-eight (58) handwritten pages of claims, and his amendment adds seven (7) more pages. He is complaining about a multitude of issues, including: his placement in the Dvoskin Program, confiscated property, inadequate food, inadequate cells, delayed toilet flushing, inadequate provisions for sleeping, excessive use of force, inadequate medical care, and retaliation . . . .
> [T]he rambling, diverse exposition in the complaint and subsequent amendment is the type of "shotgun pleading" that the Eleventh Circuit has repeatedly condemned . . . . While the Federal Rules of Civil Procedure set forth a liberal standard of notice pleading, Plaintiff's complaint fails to provide the "short and plain" statement of claims required by Rule 8 . . . . Accordingly, the Court **HEREBY ORDERS** Plaintiff to amend his complaint.

CV 604-024, doc. no. 7, pp. 2-4.

However, Plaintiff did not comply with the Court's order, instead filing another shotgun pleading. Generously, the Court ordered Plaintiff to select a group of related claims to pursue, and indicated that he could "submit separate complaints for his other claims." CV 604-024, doc. no. 12, p. 3. Plaintiff chose to pursue claims unrelated to those presented in the instant case. See CV 604-024, doc. no. 16, pp. 3-4 (directing service of process on claims arising from an alleged cavity search, an alleged use of excessive force, and an alleged related failure to provide medical care). Thus, at issue is whether the instant complaint may

7

be considered an amended pleading which "relates back" to Plaintiff's initial shotgun pleading in CV 604-24 such that Plaintiff's claims can be considered timely.

For the following reasons, the Court determines that allowing a "relation back" under these circumstances would not comport with the Federal Rules of Civil Procedure. It is true that the Rules allow for an amended pleading to relate back to an original pleading when "the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). However, the Court is not persuaded that Rule 15 should be used to reward a plaintiff who files a shotgun pleading in an attempt to preserve a host of claims which are about to expire under the applicable period of limitations.

In other contexts, the Eleventh Circuit has explained that a litigant may not simply file a pleading as a placeholder in hopes of evading the operation of a statute of limitations. In other words, a litigant may not simply file a timely pleading so that he can then allege new facts or add new defendants in a subsequent pleading filed after the period of limitations has expired. For example, a federal inmate who moves to vacate his conviction under 28 U.S.C. § 2255 cannot amend his motion under Rule 15(c) unless he demonstrates that the "untimely claim [arose] from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003)(citation and quotation omitted). Thus, in the § 2255 context, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Id. Similarly, a § 2255 movant who files two separate § 2255 motions in two different cases concerning the same facts is not allowed to use an untimely motion in one case as an amendment to his

8

timely filed motion in the other case. See Jones v. United States, 304 F.3d 1035, 1042-44 (11th Cir. 2002).

Likewise, a prisoner bringing a § 1983 claim is not allowed to evade the statute of limitations by bringing a complaint against "John Does" just before the period of limitations expires so that he can wait until after his time has run out to learn the defendants' actual names and provide them in an amended pleading. See Wayne v. Jarvis, 197 F.3d 1098, 1102-04 (11th Cir. 1999). Although arising in different contexts, Farris, Jones, and Wayne stand for the basic principle that Rule 15 cannot be used, even by *pro se* prisoners, as a tool to escape the operation of a statute of limitations. Moreover, the Eleventh Circuit has also explained that relation back is inappropriate where the original pleading does not put the relevant defendants on notice of the plaintiff's claims. See Moore v. Baker, 989 F.2d 1129, 1132 (11th Cir. 1993). I am not persuaded that Plaintiff's improper shotgun pleading in CV 604-024, which did not survive this Court's initial screening pursuant to 28 U.S.C. § 1915A and thus was never served upon Defendants, can be said to have put Defendants on notice that they would later be sued in this case for an alleged denial of food. Simply put, relation back doctrines are of no help to Plaintiff in this case.[2]

Of course, it is true that equitable tolling should be applied when a *pro se* litigant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Even so, Plaintiff has had ample opportunity to pursue the instant claims, and equitable tolling is not applied when

---

[2]The Court is aware that Rule 15(c)(1) allows for relation back when it is "permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). That having been established, the Court is not convinced that Georgia law offers any basis to suppose that Plaintiff's instant claims are timely.

9

a litigant has "failed to exercise due diligence in preserving his legal rights." Id. The Court instructed Plaintiff to make the required election in CV 604-024 and to submit separate complaints for unrelated claims on May 24, 2004. See CV 604-024, doc. no. 12. He responded to the Court's order by making the required election in a document dated May 28, 2004, which was filed with the Court on June 3, 2004. CV 604-024, doc. no. 13.

First, Plaintiff could have elected to pursue the claims he presses in this case at that time--he did not. Moreover, Plaintiff had until July 23, 2004 to sign and execute a separate complaint bringing his denial of food claims before the statutory period expired. The Court is not persuaded that Plaintiff should be excused for his inaction between May 24, 2004 and July 23, 2004, a period of nearly two (2) months--especially given Plaintiff's timely response to the Court's order in CV 604-024.[3] Plaintiff, an experienced litigant in this District, is quite capable of pursuing his own claims.

As a last-ditch effort, Plaintiff also contends that the statutory period should not be applied to him because he is *pro se* and the instant complaint was submitted only a few days too late. (Doc. no. 26, p. 5). While *pro se* litigants are entitled to liberal construction of their pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), "[l]iberal construction does not mean liberal deadlines." Wayne, 197 F.3d at 1104. Of course, Plaintiff argues that applying the statute of limitations strictly is unjust. To the contrary, the Supreme Court has explained that filing deadlines and statutes of limitations must be construed strictly:

---

[3]Again, Plaintiff's proffered excuse that he was too busy pursuing other federal cases to timely file the instant complaint, as noted *supra*, provides no basis for tolling.

10

> Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates. A filing deadline cannot be complied with, substantially or otherwise, by filing late--even by one day.

United States v. Locke, 471 U.S. 84, 101 (1985)(citation and quotation omitted). Plaintiff's *pro se* status does not entitle the Court to bend the law or to abrogate rules of court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court. . . .). Accordingly, Plaintiff's claims are time-barred and his complaint is subject to dismissal for failure to state a claim.[4]

Because the Court determines that the entire case should be dismissed for failure to

---

[4]The Court is aware that Plaintiff attempts to revive his complaint's vague and conclusory reference to an ongoing constitutional deprivation. (See doc. no. 26, pp. 5-6). The Court has already explained, *supra*, why it rejects the argument that the complaint alleges that Plaintiff was denied food after July 23, 2002. If Plaintiff wished to pursue claims involving denials of food which occurred after July 23, 2002 in this action, he should have included appropriate allegations in an amended complaint. Upon screening Plaintiff's complaint in this case, the Court made clear that it would not construe the vague language in the complaint as constituting an allegation that the denial of food was ongoing or as a request for injunctive relief. (Doc. no. 9, p. 4 n.1). Upon Plaintiff's request for leave to amend, Plaintiff was given fifteen (15) days to amend his complaint in an Order entered on March 23, 2005--to date, he has not filed an amended complaint. (Doc. no. 27).

In sum, the Court cannot sanction a claim for an ongoing constitutional violation where Plaintiff has alleged no *facts* upon which to determine whether any violation is occurring. See Swann v. Southern Health Partners, 388 F.3d 834, 837-38 (11th Cir. 2004). *Pro se* prisoners are not excepted from this requirement. McCain v. Scott, 9 F. Supp.2d 1365, 1369 (M.D. Ga. 1998). The Court's obligation to construe the complaint liberally does not give it "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (citation omitted). Liberal construction also does not entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). In other words, the Court will not imagine a factual basis for a purported claim when Plaintiff has not provided *any* allegations himself.

state a claim, it will not reach Defendants' motion to dismiss for failure to prosecute (doc. no. 28). Nevertheless, the Court does not condone Plaintiff's conduct in deliberately failing to attend his deposition. Continued use of such trifling and abusive litigation tactics will lead to severe consequences, including sanctions and the possibility of an order barring Plaintiff from bringing claims in this Court. See Washington v. Alaimo, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996).

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motions to dismiss for failure to state a claim (doc. nos. 20, 23, and 24) be **GRANTED**, that Defendants' motion to dismiss for failure to prosecute (doc. no. 28) be **DENIED** as **MOOT**, and that this case be **DISMISSED**.

SO REPORTED and RECOMMENDED this _____ day of May, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

IRVIN )
_____ )
vs ) CASE NUMBER CV604-095
CASTON ) DIVISION STATESBORO
_____ )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 05/26/05 , which is part of the official record of this case.

Date of Mailing: 05/26/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

**Name and Address**

FREDDIE IRVIN SERVED @ PRISON ADDRESS
A.M. MAGRUDER
J.W. OWEN

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate